**UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF MISSOURI
EASTERN DIVISION**

| | | |
|---|---|---|
| DUNCAN ABRAHAM GOLDBERG, | ) | |
| | ) | |
| Plaintiff, | ) | |
| v. | ) | No. 4:25-cv-01406-SEP |
| | ) | |
| STATE OF MISSOURI, et al., | ) | |
| | ) | |
| Defendants. | ) | |

## MEMORANDUM AND ORDER

Before the Court is the application of self-represented Plaintiff Duncan Abraham Goldberg for leave to commence this action without prepayment of the required filing fee. Doc. [2]. Based on the financial information provided, the application will be granted. *See* 28 U.S.C. § 1915(a). On initial review, the Complaint is dismissed without prejudice for failure to state a claim upon which relief may be granted. *See* 28 U.S.C. § 1915(e)(2)(b).

### LEGAL STANDARD ON INITIAL REVIEW

Under 28 U.S.C. § 1915(e)(2), the Court is required to dismiss a complaint filed *in forma pauperis* if it is frivolous or malicious, or if it fails to state a claim upon which relief can be granted. To state a claim under 42 U.S.C. § 1983, a plaintiff must demonstrate a plausible claim for relief, which is more than a "mere possibility of misconduct." *Ashcroft v. Iqbal*, 556 U.S. 662, 679 (2009). "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Id.* at 678. "Determining whether a complaint states a plausible claim for relief" is "a context-specific task that requires the reviewing court to draw on its judicial experience and common sense." *Id.* at 679. The court must "accept as true the facts alleged, but not legal conclusions or threadbare recitals of the elements of a cause of action, supported by mere conclusory statements." *Barton v. Taber*, 820 F.3d 958, 964 (8th Cir. 2016); *see also Brown v. Green Tree Servicing LLC*, 820 F.3d 371, 372-73 (8th Cir. 2016) (court is not required to "accept as true any legal conclusion couched as a factual allegation").

When reviewing a pro se complaint under 28 U.S.C. § 1915(e)(2), the Court must give it the benefit of a liberal construction. *Haines v. Kerner*, 404 U.S. 519, 520 (1972). A "liberal construction" means that, "if the essence of an allegation is discernible . . . then the district court should construe the complaint in a way that permits the layperson's claim to be considered

within the proper legal framework." *Solomon v. Petray*, 795 F.3d 777, 787 (8th Cir. 2015) (quoting *Stone v. Harry*, 364 F.3d 912, 914 (8th Cir. 2004)).  But even pro se complaints must "allege facts, which if true, state a claim as a matter of law." *Martin v. Aubuchon*, 623 F.2d 1282, 1286 (8th Cir. 1980); *see also Stone v. Harry*, 364 F.3d 912, 914-15 (8th Cir. 2004) (federal courts not required to "assume facts that are not alleged, just because an additional factual allegation would have formed a stronger complaint").

### BACKGROUND

This is the second time Plaintiff has filed a federal action alleging his father was discriminated against in the St. Louis City Circuit Court.  The Court dismissed his first action, *Goldberg, et al. v. State of Missouri, et al.*, 4:23-cv-00089-SEP (E.D. Mo. Apr. 21, 2023), because it was brought outside the statute of limitations, it pointed to no discriminatory act occurring at the state court, and it alleged claims against people and entities not subject to suit. *See id.*, Doc. [4].   Plaintiff appealed the decision to the Eighth Circuit Court of Appeals, which dismissed the appeal for lack of jurisdiction. *Id.*, Doc. [10].  Later, the Eighth Circuit denied Plaintiff's motion for clarification, motion to transfer to the Ninth Circuit, and petition for rehearing en banc. *Id.*, Docs. [12], [13], [14].  The United States Supreme Court denied Plaintiff's petition for writ of certiorari and his petition for rehearing. *Id.*, Docs. [17], [18].

### THE COMPLAINT

Plaintiff alleges Defendants discriminated against his father, Robert Goldberg, because of his brain injury.  The discrimination allegedly occurred in the St. Louis City Circuit Court during Robert Goldberg's litigation of a wrongful death action arising out of the death of his wife.[1] Plaintiff alleges Defendants have violated the following federal laws:

> (1) The Americans with Disabilities Act of 1990, Title II, (2) The Americans with Disabilities Amendment Act of 2009, Title II, (3) The Civil Rights Act of 1871, 42 U.S.C. Section 1983, Deprivation of Civil Rights under Color of Law, (4) The Lilly Ledbetter Fair Pay Act of 2009, (5) The Older Americans Act of 1965, Section 101, (6) The Rehabilitation Act of 1973, Section 504, (7) The Patient Protection and Affordable Care Act of 2010, Section 1557, (8) Article I, Section 8, of the US Constitution, The Spending Clause, (9) Article VI, of the US Constitution, The Supremacy Clause, (10) The First Amendment of the US Constitution, Right to Petition the Government, (11) The First Amendment of the US Constitution, Rights of Association, (12) The Ninth Amendment of the US Constitution, Unenumerated Rights, (13) The Fourteenth Amendment of the US

---

[1] For additional background on Plaintiff's father Robert Goldberg's litigation in the Circuit Court of the City of St. Louis, *see Goldberg, et al. v. State of Missouri, et al.*, No. 4:23-cv-00089-SEP, Doc. [4] at 2.

Constitution, Due Process Clause, [and] (14) The Fourteenth Amendment of the
US Constitution, Equal Protection Clause.

Doc. [1] at 5-6.

Plaintiff states that Robert Goldberg suffered from "Anoxic Brain Injury," and the St. Louis City Court discriminated against him as a litigant.  Because the Complaint is difficult to understand, the Court will quote it directly:

> R.M. Goldberg was medically and legally recognized to have lived with an Anoxic Brain Injury that burdened him with severe cognitive impairments to his Executive Function and Short-term Memory Retention and yet he remained of his own legal capacity without a guardianship at the time of his attempted legal efforts in the Missouri Judicial System.  However, R.M. Goldberg was denied full, fair, safe and equal access to the Missouri Judicial System on account of the Defendants deliberate indifference to the needs and challenges that people living with cognitive disabilities face due to these cognitive disabilities, such as R.M. Goldberg faced living with his Anoxic Brain Injury, and the Defendants' utter failure to provide any reasonable accommodation at any and all points of contact with the Public Services they provide (let alone any accommodation) specific to the needs and challenges of cognitive disabilities, to the detriment of such litigants living with cognitive disabilities and their families by association such as [Plaintiff], and for the Defendants subjecting litigants living with ongoing disabilities to an unfair standard of agency in the Missouri Judicial System namely to that of litigants unburdened by cognitive disabilities, and holding the cognitively disabled to this double standard, and effectively punishing them for being wanting of it and thereby punishing litigants with cognitive disabilities for having cognitive disabilities, as they did to the Plaintiff's Father, to his hurt and harm, dismissing his otherwise strong asbestos case on basis of delays directly related to his Anoxic Brain Injury (ABI) and thusly to the Plaintiff's hurt and harm by association as well.
>
> . . .
>
> To this point, he had no accommodation, nor was any available from the Missouri Judicial System to compensate for the delays complicated his effort due to his ABI. Neither was quarter given him by the Talc-industrial parties who charged him with failing to file on time as to a wrongful death case in Missouri, and Missouri held him to that and held him to a default standard of the Missouri Judicial System to that of non-Brain Injured people and effectively punished him for having his disability.

Doc. [1] at 2, 7.

For relief, Plaintiffs seek $50 million, which he states is the average settlement awarded to victims of asbestos exposure.  Doc. [1] at 16.  He alleges that, had Defendants not discriminated against his father in state court, his father would have been awarded similar damages in his wrongful death action.  *Id.*

- 3 -

## DISCUSSION

The Complaint is subject to dismissal on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B) for the same reasons Plaintiff's first action was dismissed:  It falls outside the statute of limitations, and Plaintiff sues entities and individuals not subject to suit.

The United States Supreme Court "has held that § 1983 claims accruing within a particular state should be governed by that state's statute of limitations governing personal-injury claims."  *Walker v. Barrett*, 650 F.3d 1198, 1205 (8th Cir. 2011).  The five-year statute of limitations for personal injury actions found in Missouri Revised Statute § 516.120(4) applies to § 1983 actions arising in Missouri.  *Sulik v. Taney Cnty., Mo.*, 393 F.3d 765, 767 (8th Cir. 2005). A district court may dismiss an *in forma pauperis* complaint under 28 U.S.C. § 1915 if the statute of limitations has expired.  *Myers v. Vogal*, 960 F.2d 750, 751 (8th Cir. 1992).

Plaintiff complains of events between July 2016 and early January 2017.  Doc. [1] at 7; *see also Goldberg v. Borg Warner Morse Tec LLC, et al.*, No. 1622-CC01232 (St. Louis City Cir. Ct. 2016).  The five-year limitations period expired between July 2021 and early January 2022.[2]  Plaintiff did not file this case until September 15, 2025, more than three years after the statute of limitations had expired; therefore, it must be dismissed.  28 U.S.C. § 1915(e)(2)(B).  In addition, Plaintiff has named two new Defendants, but neither is subject to suit:  the Office of the State Court Administrator of Missouri and Kathy S. Lloyd, State Court Administrator.  The Office of the State Court Administrator is an arm of the State of Missouri and is not subject to suit under § 1983.  *See Oaker ex rel. K.R. v. Skiles*, No. 2:21-cv-4242-MDH, 2022 WL 2881407, *2 (W.D. Mo. Jul. 21, 2022).  And Plaintiff sues Kathy S. Lloyd in her official capacity, which is equivalent to a suit "against the governmental entity itself."  *See White v. Jackson*, 865 F.3d 1064, 1075 (8th Cir. 2017).  To prevail on an official capacity claim, Plaintiff must establish the governmental entity's liability for the alleged conduct.  *Kelly v. City of Omaha, Neb.*, 813 F.3d 1070, 1075 (8th Cir. 2016).  But Plaintiff cannot state a claim against the State of Missouri, because "neither a State nor its officials acting in their official capacity are 'persons' under § 1983."  *Will v. Mich. Dep't of State Police*, 491 U.S. 58, 71 (1989).

---

[2] Missouri's statute of limitations for personal injury claims also governs claims for alleged violations of Title III of the Americans with Disabilities Act.  *See, e.g.*, *Castelino v. Rose-Hulman Inst. of Tech.*, 999 F.3d 1031, 1037 (7th Cir. 2021).  Missouri Revised Statute § 516.120(4) sets forth a five-year statute of limitations for filing a personal injury action.

- 4 -

## CONCLUSION

Plaintiff's claims are barred by the statute of limitations, and the Complaint fails to state a claim against any Defendant.  Therefore, this case is dismissed.  28 U.S.C. § 1915(e)(2)(B).

Accordingly,

**IT IS HEREBY ORDERED** that Plaintiff Duncan Abraham Goldberg's application to proceed in the district court without prepaying fees or costs, Doc. [2], is **GRANTED**.

**IT IS FURTHER ORDERED** that on initial review pursuant to 28 U.S.C. § 1915(e)(2)(B), Plaintiff's claims are **DISMISSED** without prejudice.

**IT IS FURTHER ORDERED** that Plaintiff's motion for appointment of counsel, Doc. [3], is **DENIED** as moot.

An order of dismissal accompanies this Memorandum and Order.

Dated this 5th day of August, 2026.

SARAH E. PITLYK
UNITED STATES DISTRICT JUDGE